UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMAD W. CHEHAB,

    Plaintiff,

Case No. 07-11068

v.

Hon. John Corbett O'Meara

MICHAEL CHERTOFF, Secretary,
Department of Homeland Security, *et al.,*

    Defendants.

_____/

# OPINION AND ORDER GRANTING
# DEFENDANTS' MOTION TO DISMISS

Before the court is Defendants' motion to dismiss, filed May 16, 2007. Plaintiff filed a response brief on June 11, 2007. The court heard oral argument on August 8, 2007, and took the matter under advisement. With the court's permission, Defendants submitted supplemental authority on August 9, 2007.

## BACKGROUND FACTS

Plaintiff seeks a writ of mandamus compelling the United States Citizenship and Immigration Service ("CIS") to adjudicate his pending application to adjust to permanent resident status, also known as a "Form I-485." Plaintiff is a citizen of Lebanon who applied for adjustment of status to lawful permanent resident (green card holder) on March 8, 2004. According to the government, Plaintiff's name check request was submitted to the FBI on March 19, 2004. Plaintiff was interviewed by a CIS officer on December 3, 2004. CIS has not yet made a decision regarding Plaintiff's application.

**LAW AND ANALYSIS**

Defendants have moved to dismiss Plaintiff's complaint for failure to state a claim and/or lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Defendants argue that mandamus relief is not available to compel the adjudication of I-485 applications and that review is also unavailable under the Administrative Procedures Act.

## I. Standard of Review

In response to a Rule 12(b)(1) motion, the plaintiff has the burden of proving subject matter jurisdiction, which is "not onerous." Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1248 (6th Cir. 1996). "The plaintiff must show only that the complaint alleges a claim under federal law, and that the claim is 'substantial,'" or not frivolous. Id.

Defendants have also moved for dismissal under Rule 12(b)(6). When a court is confronted with a motion for dismissal based upon both Rules 12(b)(1) and 12(b)(6), the court "is bound to consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if th[e] court lacks subject matter jurisdiction." Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990).

## II. Background on Adjustment of Status

The Immigration and Nationality Act, 8 U.S.C. § 1255, authorizes the Attorney General to "adjust" to permanent resident status certain aliens who have been admitted into the United States. The statute provides that adjustment is within the "discretion" of the Attorney General. 8 U.S.C. § 1255(a). Neither the statute nor its implementing regulations establish any time frame in which a determination on an application must be made. Immigration officials may withhold adjudication, without time limit, while applications are investigated. See 8 C.F.R. §

103.2(b)(18).[1]

**III.     Mandamus Jurisdiction**

Mandamus jurisdiction is governed by 28 U.S.C. § 1361, which provides that the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Id. Mandamus relief is an "extraordinary" remedy that "cannot be used to compel or control a duty in the discharge of which by law [a federal officer] is given discretion." Work v.

---

[1] Withholding adjudication. A district director may authorize withholding adjudication of a visa petition or other application if the district director determines that an investigation has been undertaken involving a matter relating to eligibility or the exercise of discretion, where applicable, in connection with the application or petition, and that the disclosure of information to the applicant or petitioner in connection with the adjudication of the application or petition would prejudice the ongoing investigation. If an investigation has been undertaken and has not been completed within one year of its inception, the district director shall review the matter and determine whether adjudication of the petition or application should be held in abeyance for six months or until the investigation is completed, whichever comes sooner. If, after six months of the district director's determination, the investigation has not been completed, the matter shall be reviewed again by the district director and, if he/she concludes that more time is needed to complete the investigation, adjudication may be held in abeyance for up to another six months. If the investigation is not completed at the end of that time, the matter shall be referred to the regional commissioner, who may authorize that adjudication be held in abeyance for another six months. Thereafter, if the Associate Commissioner, Examinations, with the concurrence of the Associate Commissioner, Enforcement, determines it is necessary to continue to withhold adjudication pending completion of the investigation, he/she shall review that determination every six months.

8 C.F.R. § 103.2(b)(18).

United States ex rel. Rives, 267 U.S. 175, 177-78 (1925).  See also Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988) ("The extraordinary remedy of mandamus . . . will issue only to compel the performance of a clear nondiscretionary duty.").

In the immigration context, most courts have held that immigration officials do not have a "clear nondiscretionary duty" to adjudicate an application for adjustment of status within a particular time frame.[2]  See, e.g., Qiu v. Chertoff, 486 F. Supp. 2d 412, 420 (D. N.J. 2007); Safadi v. Howard, 466 F. Supp. 2d 696, 700 (E.D. Va. 2006) ("[P]laintiff's request for a writ of mandamus . . . fails because the defendant does not owe plaintiff a 'clear nondiscretionary duty' to process his adjustment of status application at any particular pace or speed.").

In support of his position that this court has mandamus jurisdiction, Plaintiff relies primarily on Nyaga v. Ashcroft, 186 F. Supp. 2d 1244 (N.D. Ga. 2002), vacated as moot, 323 F.3d 906 (11th Cir. 2003).  In Nyaga, the court found that it had mandamus jurisdiction to compel the Attorney General to adjudicate a visa application.  The court reasoned that, although immigration officials have discretion in determining whether to grant a visa, they "do not have discretion whether or not to process the applications." Id. at 1253.  The court found that the government "has a non-discretionary duty to make diligent efforts in furtherance of adjudicating diversity visa applications." Id.

The Nyaga court did not consider 8 C.F.R. § 103.2(b)(18), however, which permits immigration officials to withhold adjudication of adjustment of status applications indefinitely pending investigation.  As one court recently noted, "[t]he Court finds it instructive that none of

---

[2] This is in contrast to the processing of naturalization applications, which by statute must be completed within 120 days.  See 8 U.S.C. § 1447(b).

the cases holding that a non-discretionary duty exists to process I-485 applications have discussed the implications of § 103.2(b)(18)." Qiu, 486 F. Supp. 2d at 419. The Qiu court found that because immigration officials have discretion to withhold adjudication under 8 U.S.C. § 1255(a) and the implementing regulations, mandamus jurisdiction was not available.

The court is persuaded that the Qiu decision is better reasoned than Nyaga. See also Zheng v. Reno, 166 F. Supp. 2d 875, 881 (S.D.N.Y. 2001) ("[C]ourts in this district have repeatedly held that mandamus relief is unavailable for delays in the adjustment process."); Safadi, 466 F. Supp. 2d at 700. It should be further noted that the decision to grant or deny an adjustment of status is not reviewable by this court. As the Qiu court stated, "it is ill-advised for courts to interfere with unreviewable agency decisions. . . . When, as here, the Court lacks power to review the ultimate agency decision and the agency's cases are backlogged, granting the writ to compel adjudication would do nothing more than shuffle to the front of the line those I-485 applicants canny enough to file a complaint in federal district court." Qiu, 486 F. Supp. 2d at 420. The court agrees with Qiu and the other courts that have determined that mandamus relief is not available to compel adjudication of an application for adjustment of status. See also Shen v. Chertoff, No. 06-15631 (E. D. Mich. July 9, 2007) (Friedman, J.); Tageddine v. District Director, No. 07-11315 (E.D. Mich. July 12, 2007) (Zatkoff, J.); Kiromi v. District Director, No. 07-10446 (E.D. Mich. July 13, 2007) (Cook, J.); Khan v. Chertoff, No. 07-10527 (E.D. Mich. July 26, 2007) (Ludington, J.); Xu v. Chertoff, No. 06-15398 (E.D. Mich. July 31, 2007) (Steeh, J.).

## IV. Review under the APA

Plaintiff also asserts that jurisdiction exists pursuant to 28 U.S.C. § 1331 and the

Administrative Procedures Act and that the court may "compel agency action that is unreasonably delayed or withheld." See 5 U.S.C. § 706. Under the APA, "when an agency is compelled by law to act within a certain time period . . . a court can compel the agency to act." Norton v. South Utah Wilderness Alliance, 542 U.S. 55, 65 (2004). However, the APA does not apply where the statute at issue "precludes judicial review" or the "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a).

In this case, immigration officials are not "compelled by law to act within a certain time period" with respect to the adjudication of adjustment applications. This agency action is committed to agency discretion by law. See 8 C.F.R. § 103.2(b)(18). Accordingly, the APA does not does not provide an avenue for review. See Qiu, 486 F. Supp.2d at 421 (no jurisdiction under mandamus act or federal question statute through application of the APA).

**ORDER**

For the above reasons, the court finds that it lacks subject matter jurisdiction over Plaintiff's complaint. Therefore, IT IS HEREBY ORDERED that Defendants' May 16, 2007 motion to dismiss is GRANTED.

                                                                  s/John Corbett O'Meara
                                                                  United States District Judge

Dated: August 17, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 17, 2007, electronically.

                                                                  s/William Barkholz
                                                                  Case Manager